(No. 48055.—

MAY DEPARTMENT STORES COMPANY *et al.*, Appellants, v. THE TEAMSTERS UNION LOCAL NO. 743 *et al.*, Appellees.

*Opinion filed September 20, 1976.*

154

John W. Noble, Jr., and James K. Gardner, of Chicago (Friedman & Koven, of counsel), for appellants.

Lester Asher, Marvin Gittler, and Anne Harmon Miller, all of Chicago (Asher, Greenfield, Goodstein, Pavalon and Segall, Ltd., of counsel), for appellees.

Lawrence M. Cohen, Jeffrey S. Goldman, and Meredith K. Wellington, of Lederer, Fox and Grove, of Chicago (Robert F. Forrer, of Wilson & McIlvaine, of counsel), for *amicus curiae* Illinois Retail Merchants Association.

PER CURIAM: This appeal involves a dispute between nonemployee union organizers and the owners of a

department store. The principal issue is whether the filing of an unfair labor practice charge with the National Labor Relations Board (NLRB) by the union preempted the authority of the circuit court of Cook County to issue an injunction restraining the union from soliciting employees of the owners of the department store on the plaintiffs' property. We hold that it did not.

Plaintiffs, May Department Stores Company and Venture Stores, Inc. (hereinafter Venture), operate a department store in the village of Oak Lawn. In early February, 1975, the defendants, Teamsters Union Local No. 743 and Robert Simpson, the director of organization for Local 743, embarked on a campaign to organize the workers at the Venture store. The organizational campaign consisted of solicitation of employees and distribution of union literature on the company-owned parking lot.

Venture, on February 13, 1975, filed a verified complaint for a permanent injunction and a petition for a temporary restraining order alleging that the union's activities were in violation of the Illinois criminal trespass statute (Ill. Rev. Stat. 1973, ch. 38, par. 21—3) and an ordinance of the village of Oak Lawn, and that the union was unlawfully trespassing upon Venture's private property. Venture further alleged that the union's activity was in violation of a nonsolicitation rule in force at the Venture store and that the union organizers refused to cease soliciting employees on company property after they had been notified of the nonsolicitation rule. No answer was filed to dispute the factual allegations of the complaint.

The union filed a motion to dismiss contending *inter alia* that the jurisdiction of the State courts had been preempted by the National Labor Relations Act (hereinafter NLRA) (29 U.S.C. sec. 151 *et seq.* (1970)).

The motion to dismiss was filed February 13, 1975. On that same day the union filed an unfair labor practice charge with the NLRB. The NLRB charge asserted that Venture had violated section 7 of the NLRA by enforcing

an unlawfully broad nonsolicitation rule and by interfering with the union's organizational campaign. The filing of the complaint for injunction in the circuit court was also listed as an unfair labor practice. The NLRB charge did not, however, allege that the union had no other means of communicating with Venture employees than by going upon company property.

The circuit court issued a temporary restraining order and 10 days later allowed Venture's motion for a preliminary injunction. Both the temporary restraining order and the preliminary injunction restrained the union from soliciting employees on premises owned by Venture but permitted such solicitation on the adjacent public sidewalks. These sidewalks border the store on three sides but are separated from the building by a large parking lot. The union filed a notice of an interlocutory appeal under Rule 307(a)(1) (58 Ill. 2d R. 307(a)(1)). On October 2, 1975, the appellate court reversed the circuit court, holding that the dispute was beyond the jurisdiction of State courts. (32 Ill. App. 3d 916.) We granted leave to appeal.

While the case was pending in the appellate court the acting regional director of the NLRB refused to issue a complaint against the owners of the department store concerning the union's charge that they had been guilty of unfair labor practices. The union was informed of this decision in a letter dated August 6, 1975 (prior to the judgment of the appellate court). After the judgment of the appellate court, the union's unfair labor practice charges were finally disposed of on October 14, 1975, when the director of the NLRB office of appeals affirmed the regional director's decision. The grounds for this decision, as stated in the letter of October 14, were that: "The evidence is insufficient to show that there were no adequate alternate means by which the Union could identify and contact Venture store employees particularly in view of the fact that the Union made no attempt to utilize such alternatives as recruiting an employee sympa-

thizer to help organize, recording license numbers of cars entering the lot from the public road and placing banners on the public street adjacent to the Employer's parking lot or other means."

The appellate court denied Venture's motion to permit filing of the letter of determination from the NLRB regional director. A copy of that letter, and the subsequent letter of determination from the NLRB office of appeals, have been appended to plaintiffs' brief before this court and are the subject of a motion to strike filed by the union. We consider the contents of these letters to be matters which may be judicially noticed. In an instance such as this no sound reason exists to deny judicial notice of public documents which are included in the records of other courts and administrative tribunals. (McCormick, Evidence sec. 330, at 766 (2d ed. 1972).) Such documents fall within the category of readily verifiable facts which are capable of "instant and unquestionable demonstration." (9 Wigmore, Evidence sec. 2571, at 548 (3d ed. 1940).) As counsel for both parties at oral argument have agreed to the accuracy of the NLRB letters of determination, we deny the union's motion to strike and we take judicial notice of the letters and their contents.

The primary issue to be considered is whether the circuit court was without jurisdiction to enter the temporary injunction prohibiting the ongoing trespass by the union. It is clear that when an activity is protected by section 7 of the NLRA or prohibited by section 8 of that act, State jurisdiction is preempted. (*E.g., Weber v. Anheuser-Busch, Inc.* (1955), 348 U.S. 468, 99 L. Ed. 546, 75 S. Ct. 480.) It is also a long-standing rule that "When an activity is arguably subject to section 7 or section 8 of the Act, the States *** must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." (*San Diego Building Trades Council, Local 2020 v. Garmon* (1959), 359 U.S. 236, 245, 3 L. Ed. 2d 775, 783,

79 S. Ct. 773, 780.

The *Garmon* rule is not, however, a doctrine without exceptions. In *Garmon* itself the court noted that State jurisdiction was not preempted "where the activity regulated was a merely peripheral concern of the Labor Management Relations Act," or "where the regulated conduct touched interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, we could not infer that Congress had deprived the States of the power to act." (359 U.S. 236, 243-44, 3 L. Ed. 2d 775, 782, 79 S. Ct. 773, 779.) Venture contends that application of a State's law of trespass falls within each of these exceptions to the preemption doctrine. We agree.

Though the United States Supreme Court has never decided the precise issue before this court (see *Amalgamated Meat Cutters, Local 427 v. Fairlawn Meats, Inc.* (1957), 353 U.S. 20, 24, 1 L. Ed. 2d 613, 616, 77 S. Ct. 604, 606), the question was discussed in the concurring opinion of Mr. Chief Justice Burger in *Taggart v. Weinacker's, Inc.* (1970), 397 U.S. 223, 227-28, 25 L. Ed. 2d 240, 243-44, 90 S. Ct. 876, 878-79 (Burger, C.J., concurring), where a writ of *certiorari* was dismissed as improvidently granted.

> "In my view any contention that the States are pre-empted in these circumstances is without merit. The protection of private property, whether a home, factory, or store, through trespass laws is historically a concern of state law. Congress has never undertaken to alter this allocation of power, and has provided no remedy to an employer within the National Labor Relations Act (NLRA) to prevent an illegal trespass on his premises. Rather, it has acted against the backdrop of the general application of state trespass laws to provide certain protections to employees through section 7 of the NLRA [citation]. A holding that the States were pre-

cluded from acting would remove the backdrop of state law that provided the basis of congressional action but would leave intact the narrower restraint present in federal law through sec. 7 and would thereby artificially *create* a no-law area.

Nothing in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236 (1959), would warrant this Court to declare state-law trespass remedies to be ineffective and thus to remit a person to his own self-help resources if he desires redress for illegal trespassory picketing. *Garmon* left to the states the power to regulate any matter of 'peripheral concern' to the NLRA or that conduct that touches interests 'deeply rooted in local feeling and responsibility.' (359 U.S., at 243, 244.) Few concepts are more 'deeply rooted' than the power of a State to protect the rights of its citizens. *Linn v. United Plant Guard Workers, Local 144,* 383 U.S. 53 (1966), applied the *Garmon* exceptions to allow state jurisdiction over malicious libel in union organizational literature, recognizing that if the States were precluded from acting, there would be an absence of any legal remedy." (Emphasis in the original.) (Footnote omitted.)

The Chief Justice's observations are highly persuasive and reflect the sentiments expressed by the decisions of this court and the courts of other States where the question has been present. See *People v. Goduto* (1961), 21 Ill. 2d 605, *cert. denied,* 369 U.S. 927, 7 L. Ed. 2d 190, 82 S. Ct. 361; *Hood v. Stafford* (1964), 213 Tenn. 684, 378 S.W.2d 766; *Moreland Corp. v. Retail Store Employees, Local 444* (1962), 16 Wis. 2d 499, 114 N.W.2d 876; *Taggart v. Weinacker's, Inc.* (1968), 283 Ala. 171, 214 So. 2d 913; *People v. Bush* (1976), 39 N.Y.2d 529, 384 N.Y.S.2d 733.

In *People v. Goduto* (1961), 21 Ill. 2d 605, we held

that the State courts have the power to enforce the criminal trespass laws against nonemployee union organizers under circumstances analogous to the case at bar. In *Goduto,* two defendants entered upon the parking lot of a retail store for the sole purpose of distributing union literature to employees of the store. The defendants were arrested after they refused to leave the property when requested to do so by the store's manager. Their subsequent convictions for trespassing were upheld by this court.

The foundation of our opinion in *Goduto* was that an imminent threat of violence exists whenever an employer is required to resort to self-help in order to vindicate his property rights. Such a situation would result from our acceptance of the union's contention that State courts have no authority to act against a trespass by nonemployee union organizers. Since trespass by a union organizer is not an unfair labor practice the NLRB is unable to grant any relief to a deserving employer. If the employer is also denied access to the State courts his only recourse is to employ self-help. See Cox, *Labor Law Preemption Revisited,* 85 Harv. L. Rev. 1337, 1362-63 (1972).

This imminent threat of violence which is inherent in any situation in which an aggrieved party is denied access to a court of law has been recognized by the United States Supreme Court. In *Linn v. United Plant Guard Workers, Local 114* (1966), 383 U.S. 53, 15 L. Ed. 2d 582, 86 S. Ct. 657, the court allowed State court jurisdiction over an action for malicious libel which had resulted from a union organizational campaign. The *Linn* court noted:

> "The fact that the Board has no authority to grant effective relief aggravates the State's concern since the refusal to redress an otherwise actionable wrong creates disrespect for the law and encourages the victim to take matters into his own hands. The function of libel suits in preventing violence has long been recognized." 383

U.S. 53, 64 n.6, 15 L. Ed. 2d 582, 590 n.6, 86 S. Ct. 657, 664 n.6.

We consider the foregoing statement fully applicable to the historic and deeply rooted interest of the State in maintaining domestic peace through application of its trespass law remedies. We adhere to the holding of *Goduto* that under the *Garmon* doctrine the States are not preempted from jurisdiction of a trespass action involving nonemployee union organizers.

The appellate court, however, distinguished *Goduto* from the present case by noting that no unfair labor practice charge was filed with the NLRB in *Goduto*. Here, the union did file an unfair labor practice charge against Venture, "[b]efore the opening of court on the morning plaintiffs' petition for the temporary restraining order was noticed for hearing \*\*\*." 32 Ill. App. 3d 916, 918.

We do not consider the mere filing of a charge by the union to be sufficient to divest the State courts of the jurisdiction which otherwise results from the exceptions listed in *Garmon*. The fact that a charge is on file does not remove the compelling interests which justify the existence of State jurisdiction. The imminent threat of violence occasioned by an unauthorized trespass is not rendered less immediate by simply filing an unfair labor practice charge, nor is the State's interest in preventing violence any less significant. As a practical matter, acceptance of the appellate court's reasoning would result in the emasculation of the *Goduto* principle since a union could then unilaterally divest the court of jurisdiction by the mere filing of a charge regardless of its merit. We accordingly conclude that the filing of the unfair labor practice charge in the present case did not affect the jurisdiction of the circuit court. See also *Linn v. United Plant Guard Workers, Local 114* (1966), 383 U.S. 53, 57, 15 L. Ed. 2d 582, 586, 86 S. Ct. 657; *Hood v. Stafford* (1964), 213 Tenn. 864, 378 S.W.2d 766, 768, in which State jurisdiction was upheld despite the pendency of various proceedings before

the NLRB.

The union relies upon the decision in *NLRB v. Babcock & Wilcox Co.* (1956), 351 U.S. 105, 100 L. Ed. 975, 76 S. Ct. 679, to support its contention that the organizational activities on Venture's property, though constituting a trespass, were nonetheless arguably protected by section 7 of the NLRA. *Babcock & Wilcox Co.* stands for the proposition that employers may validly deny nonemployee organizers access to company property unless it is shown that the union had no other reasonable means to communicate with the employees. The facts of that case were very similar to those involved in the present case and the holding there was contrary to the union's position here.

The temporary injunction entered by the circuit court did not present a potential conflict with Federal labor policy, nor did it adversely affect any rights granted the union by the NLRA. The injunction was narrowly aimed at organizational activity on company property and specifically noted that it was not to apply to solicitation on the public sidewalks adjacent to the Venture parking lot. The temporary injunction merely had the effect of maintaining the status quo during the pendency of the NLRB proceedings. No prejudice to the union could result from this pattern since the injunction could have been vacated immediately upon an NLRB finding in favor of the union. In the highly unlikely event that the circuit court would refuse to vacate the injunction in these circumstances, the NLRB could provide relief by seeking to enjoin the order of the State court. *NLRB v. Nash-Finch Co.* (1971), 404 U.S. 138, 30 L. Ed. 2d 328, 92 S. Ct. 373.

The employer, on the other hand, would suffer serious harm were it unable to secure injunctive relief against nonemployee union organizers while the NLRB was considering whether an unfair labor practice complaint should issue. An employer in Venture's situation cannot obtain equitable relief from the NLRB. (Cox, *Labor Law*

*Preemption Revisited,* 85 Harv. L. Rev. 1337, 1362-63 (1972).) If Venture had been precluded from applying to the State court to maintain the status quo, it would have been required to endure eight months of trespass activity by the union as the result of a charge filed with the NLRB.

We hold that the circuit court was not preempted from exercising its equitable powers to enjoin a trespass by nonemployee union organizers despite the fact that a union charge was on file before the NLRB. Since the temporary injunction entered by the circuit court was narrowly aimed at the union's trespass activity, it was valid.

The question of the applicability of our recent decision in *People v. Federal Tool & Plastics* (1975), 62 Ill. 2d 549, to the instant dispute has been raised in the briefs of the parties. *Federal Tool & Plastics* is inapplicable to this case, as is the recent decision in *Lodge 76, International Association of Machinists and Aerospace Workers v. Wisconsin Employment Relations Com.* (1976), ——— U.S. ———, 49 L. Ed. 2d 396, 96 S. Ct. 2548, which was decided after oral argument and submission of this case. Both cases involved a finding of preemption in an area which the court found that Congress intended to remain unregulated and left to be controlled by the free play of economic forces. This preemption principle has evolved from *Local 20, Teamsters Union v. Morton* (1964), 377 U.S. 252, 12 L. Ed. 2d 280, 84 S. Ct. 1253, and is not relevant to this case.

For the foregoing reasons the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*