MARY C. MULLER, Plaintiff-Appellee, v. NIKKI M. ZOLLAR, as Director of the Department of Professional Regulation, *et al.*, Defendants-Appellants.

Third District   No. 3—93—0924

Opinion filed September 23, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of counsel), for appellants.

Donald R. Jackson, of Jackson, Mitchell & Collier, of Peoria, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The issue in this administrative review case is whether the circuit court erred in entering judgment in favor of the plaintiff, Mary C. Muller, and remanding the case to the defendant Illinois Department of Professional Regulation (Department) for a new evidentiary hearing. We reverse.

In March 1993, the plaintiff applied to the Department for a license as a registered nurse. After a review of the plaintiff's qualifications, which included an associate's degree in applied nursing from Regents College in New York, the Department rejected the plaintiff's application on the grounds that she had not graduated from an accredited professional nursing education program. The Department informed the plaintiff of its decision by letter of May 13, 1993. The letter stated, in pertinent part:

"Illinois does not accept the New York Regents External Degree as meeting the requirements for licensure. *** The New York Regents External Degree Program does not meet the nursing education program standards, and is, therefore, not approved. Basically, the program is a correspondence program which the Illinois Nursing Act identifies as not satisfying the education requirements."

The plaintiff then petitioned for review of the Department's decision in the circuit court of Peoria County.

The record before the circuit court consisted of the plaintiff's application, temporary work permit, work history, certificate of education, and certificate of licensure in Michigan, as well as the May 13, 1993, denial letter. The defendants moved to clarify the record by submitting a copy of a letter from the Department to Regents College dated August 15, 1990. The letter informed the college that the Department had accepted the Committee on Nursing's recommendation not to accredit Regents' program as a qualified professional nursing education program in Illinois. The circuit court denied defendants' motion to supplement the record and entered judgment for the plaintiff, remanding the case to the Department for a new hearing.

We address first the defendants' request that this court take judicial notice of the August 15, 1990, letter from the Department to Regents College. The trial court refused to allow the letter to be introduced into the record based upon section 3—110 of the Administrative Review Law (735 ILCS 5/3—110 (West 1992)), which limits the circuit court's review in administrative cases to the evidence which was before the administrative agency.

Notwithstanding the limitations of section 3—110, Illinois courts recognize that documents containing readily verifiable facts capable of instant and unquestionable demonstration may be judicially noticed. (*May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 355 N.E.2d 7.) Judicial notice is proper where the document in question is part of the public record (*May Department Stores*, 64 Ill. 2d at 159, 355 N.E.2d at 9) and where such notice will aid in the efficient disposition of a case (*People v. Davis* (1976), 65 Ill. 2d 157, 165, 357 N.E.2d 792, 796). Moreover, this court may take judicial notice regardless of whether such notice was sought at the trial court level. *Rural Electric Convenience Cooperative Co. v. Illinois Commerce Comm'n* (1983), 118 Ill. App. 3d 647, 454 N.E.2d 1200.

■ In this case, the August 15, 1990, letter reflects an official decision of an administrative tribunal and is part of the public record. It

will aid in the efficient resolution of this case because it supports the defendants' contention that the Department did in fact deny accreditation status to Regents' program. Neither side disputes the letter's authenticity. We accordingly take judicial notice of the August 15, 1990, letter.

Having taken judicial notice of the letter, we see no profit in remanding this case to the Department for a new hearing. The Department denied the plaintiff's application pursuant to section 12 of the Illinois Nursing Act of 1987 (Act), which provides, *inter alia*, that an applicant for a license as a registered professional nurse must graduate from "an approved professional nursing education program." (225 ILCS 65/12(b) (West Supp. 1993).) Regents College has not been approved by the Department, and the plaintiff has provided no evidence that she has graduated from any other approved program. Therefore, the Department correctly denied plaintiff's application.

Plaintiff argues that a hearing before the Department is necessary to determine whether Regents' program is a "correspondence program," as so labelled by the Department in its letter of May 13, 1993. Section 14 of the Act mandates that the requirements of section 12 cannot be met by the completion of "any correspondence course." (225 ILCS 65/14 (West 1992).) Plaintiff apparently argues that, if she can prove Regents' program is not a correspondence course, she is entitled to her license as a registered nurse.

■ The propriety of the Department's decision to deny Regents' program accreditation is not relevant to this case. The right to seek review of an administrative decision is limited to the parties of record whose rights, privileges, or duties are affected by the decision. (*Maybell v. Illinois Liquor Control Comm'n* (1993), 246 Ill. App. 3d 14, 614 N.E.2d 1370.) The plaintiff was not a party to the Department's decision to deny Regents' program accreditation and thus may not contest Regents' accreditation status. She is only entitled to an explanation from the Department that her education qualifications do not meet the standards applicable in Illinois. She received that explanation via the letter of May 13, 1993.

For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and, pursuant to our powers under Supreme Court Rule 366(a)(5)(134 Ill. 2d R. 366(a)(5)), dismiss plaintiff's cause with prejudice.

Reversed; cause dismissed with prejudice.

BARRY and LYTTON, JJ., concur.