Docket No. 93251–Agenda 12–November 2002.

TERRY HAMILTON, Appellant, v. THE INDUSTRIAL COMMISSION 
et al.
 (American National Can Company,

 Appellee).

Opinion filed February 6, 2003.

JUSTICE FITZGERALD delivered the opinion of the court:

Terry Hamilton appeals the decision of the appellate court’s Industrial Commission Division in favor of his former employer, American National Can Company (American Can). The issue in this case is whether a former employer is liable to pay compensation under the Workers’ Occupational Diseases Act (the Act) (820 ILCS 310/1 
et seq.
 (West 2000)), for an employee’s exposure to an occupational disease hazard, where the employee was last exposed to that hazard while working with another employer. We hold that the Act clearly limits liability to the employer in whose employment the employee was last exposed to the hazard. Accordingly, we affirm.

BACKGROUND

Hamilton began working for American Can, a metal can manufacturer, at its Hoopeston, Illinois, facility in 1970. Over the next 25 years, he gradually ascended the assembly department production ladder–from stacker operator to coater operator to “bodymaker” and “slitter” mechanic, a position which he held for 15 years. As a mechanic, Hamilton maintained and repaired the machines that form the cylinder portion of a can. According to Hamilton, these machines are extremely loud. Tests confirmed Hamilton’s opinion: the noise from these machines exceeded recommendations from the Occupational Health and Safety Agency. Hamilton often worked in close proximity to these machines, and he was often exposed to their noise. In March 1995, Hamilton became a millwright, a similar maintenance position that covered the entire plant. Again, he was often exposed to extremely loud noise. Though American Can supplied ear protection, Hamilton chose not to wear it, because he needed to hear various machines to diagnose problems and keep them running smoothly. Hamilton worked full time at the plant, sometimes as long as 12 hours a day for seven days a week. On August 1, 1995, American Can sold the plant to Silgan Container Corporation (Silgan Container), another metal can manufacturer. Hamilton remained at the plant and began working for Silgan Container.

Hamilton first experienced hearing difficulty in 1986, and, eventually, in 1996, he filed separate hearing loss claims under the Act against American Can and Silgan Container. See 820 ILCS 310/7 (West 2000). These claims were consolidated, and, following a hearing, an arbitrator found that Hamilton had sustained a permanent hearing loss of 39.4% in his left ear and 42.5% in his right ear. The arbitrator apportioned this loss between American Can and Silgan Container. The arbitrator concluded that more than 92% of his total left ear hearing loss and more than 57% of his total right ear hearing loss was attributable to his employment with American Can. The remaining approximately 8% of his left ear hearing loss and approximately 42% of his right ear hearing loss was attributable to Silgan Container. Silgan Container paid its portion of the award; American Can sought review by the Industrial Commission.

The Industrial Commission reversed, concluding that under section 1(d) of the Act, American Can was not Hamilton’s employer with whom he was last exposed to the hazard of loud noise: “While [Hamilton] was clearly exposed to industrial noise while working for [American Can] and had some degree of hearing loss, he continued to be exposed to industrial noise while the plant was owned by [Silgan Container] ***. As a result, [Silgan Container] was the ‘last employer’ and is liable for [Hamilton’s] benefit’s [
sic
] under the plain language of §1(d), and [American Can] is not liable for [Hamilton’s] hearing loss.”

The circuit court of Vermilion County and the appellate court both affirmed. The five-member appellate court panel was divided. The majority concluded that because American Can was not Hamilton’s employer when he was last exposed to loud noise, it was not liable under section 1(d) of the Act. 326 Ill. App. 3d 602, 605. Justice Rarick wrote a special concurrence, which was joined by Justices Hoffman and Holdridge. Justice Rarick stated that section 1(d) represents a policy decision by the General Assembly to impose the entire liability for an employee’s hearing loss upon the employer with whom the employee was last exposed to the hazard. 326 Ill. App. 3d at 605-06 (Rarick, J., specially concurring, joined by Hoffman and Holdridge, JJ.). Justice Rarick reasoned:

“To do otherwise would impose upon the employee the difficult, and often insurmountable, burden of proving that exposure to the noise at a particular employer’s facility resulted in some degree of disability and what that disability was. In theory, allocating liability among the employers *** is more equitable. As a practical matter, however, it would often work to the disadvantage of the employee, who would have to prove how much disability is attributable to which employer. In keeping with the remedial goal of the Act, our legislature took the more pragmatic approach of imposing liability for the entire loss on the last employer in order to more readily facilitate the employee’s ability to recover.” 326 Ill. App. 3d at 606 (Rarick, J., specially concurring, joined by Hoffman and Holdridge, JJ.).

In dissent, Justice O’Malley agreed that the “last exposure” rule serves to protect an employee who cannot apportion damages between successive employers. 326 Ill. App. 3d at 606 (O’Malley, J., dissenting). According to Justice O’Malley, however, this rule should not “thwart[ ] the humanitarian intentions behind the Act” where an employee can apportion damages but failed to timely seek compensation from a prior employer. 326 Ill. App. 3d at 606-07 (O’Malley, J., dissenting). Instead, Justice O’Malley would have held:

“[S]ection 1(d), although not permitting double recovery, permits a claimant to recover the full measure of compensation either from the last in a succession of employers over the course of whose employ the claimant suffered permanent damage from exposure to the hazard of an occupational disease (the length of the last exposure and the fact or degree of harm caused having no effect on the liability of the last employer) 
or
 from an earlier employer in the succession who the employee can prove caused discrete permanent harm.” (Emphasis in original.) 326 Ill. App. 3d at 610 (O’Malley, J., dissenting).

Justices Rarick and O’Malley filed a statement that this case involves a substantial question warranting our consideration. We granted Hamilton’s petition for leave to appeal. See 177 Ill. 2d R. 315(a).

ANALYSIS

A reviewing court may overturn an Industrial Commission decision only if it finds that the decision was contrary to law or that the fact determinations made in rendering the decision were against the manifest weight of the evidence. 
Freeman United Coal Mining Co. v. Industrial Comm’n
, 188 Ill. 2d 243, 245 (1999). In this appeal, the parties do not dispute the Commission’s fact determinations. The issue before us is one of pure statutory interpretation, and our review proceeds 
de novo
. 
Sylvester v. Industrial Comm’n
, 197 Ill. 2d 225, 232 (2001).

The fundamental rule of statutory interpretation is to ascertain and effectuate the legislature’s intent. 
Michigan Avenue National Bank v. County of Cook
, 191 Ill. 2d 493, 503-04 (2000). Because statutory language, given its plain and ordinary meaning, is the best indication of this intent, we turn to the Act. 
Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.
, 199 Ill. 2d 325, 342 (2002).

Section 1(d) of the Act provides: “The employer liable for the compensation in this Act provided shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed upon regardless of the length of time of such last exposure ***.” 820 ILCS 310/1(d) (West 2000). Section 1(d) taps the employer with whom the employee was last exposed to the hazard for the entire compensation provided by the Act. That is, the focus is on the employer on the date of the last exposure–in a sense, the “last employer.” Relatedly and relevantly, section 7130.30 of title 50 of the Illinois Administrative Code, entitled “Prior Hearing Loss,” provides: “An employer shall be liable for the entire occupational deafness to which his employment contributed ***.” 50 Ill. Adm. Code §7130.30 (1996). This regulation implies that liability for hearing loss is indivisible.

Hamilton contends that the appellate court’s interpretation of section 1(d) is too narrow. He relies upon 
Fleming v. Industrial Comm’n
, 95 Ill. 2d 329 (1983), and 
Thermos Co. v. Industrial Comm’n
, 83 Ill. 2d 54 (1980). We agree with the appellate court majority: 
Fleming
 and 
Thermos Co
. are inapposite. Both address the date when the employee was last exposed to the hazard, rather than the issue before us in this case: the employer when the employee was last exposed. See 
H&H Plumbing Co. v. Industrial Comm’n
, 170 Ill. App. 3d 706, 719 (1988) (“the problem in 
Thermos
 was not determining which employer was liable under the Act”).

When the statutory language is clear, we must apply the statute as written. See 
Davis v. Toshiba Machine Co., America
, 186 Ill. 2d 181, 184-85 (1999); see also 
People ex rel. Devine v. $30,700.00 United States Currency
, 199 Ill. 2d 142, 150-51 (2002). Section 1(d) imposes mandatory liability upon the employer in whose employment Hamilton was last exposed to loud noise. Here, that employer is Silgan Container. A contrary holding would not only do violence to the statute as written, but also do a disservice to employees covered by the Act. The General Assembly chose not to apportion liability under the Act among employers, opting instead for the more pragmatic and certain approach of total compensation from the last employer. We refuse to second-guess the unmistakable intent of the legislature in the name of equity. See 
Concrete Structures of the Midwest, Inc. v. Industrial Comm’n
, 315 Ill. App. 3d 596, 599 (2000) (“[W]e have no authority to make such an [apportioned] award. The issue of apportionment of benefits among various employers is a matter for the legislature to address first, not us”); see also 
H&H Plumbing
, 170 Ill. App. 3d at 718-19 (rejecting a current employer’s argument that it was not liable under the Act where the current employer failed to present evidence of the employee’s exposure after his employment with the current employer). The appellate court correctly held that American Can was not liable for Hamilton’s hearing loss.

CONCLUSION

For the reasons we have discussed, we affirm.

Affirmed
.

JUSTICE RARICK took no part in the consideration or decision of this case.