967 N.E.2d 856 (2012)
359 Ill. Dec. 826
TRAVELERS INSURANCE, Plaintiff-Appellee and Cross-Appellant,
v.
PRECISION CABINETS, INC., Defendant-Appellant and Cross-Appellee (Illinois Workers' Compensation Commission; Isak Klein; Employers Consortium, Inc.; and Alexi Giannoulias, State Treasurer and ex officio Custodian of the Rate Adjustment Fund, Defendants-Appellees).
No. 2-11-0258WC.
Appellate Court of Illinois, Second District, Workers' Compensation Commission Division.
March 16, 2012.
*857 Paul W. Pasche, Brady, Connolly & Masuda, P.C., Chicago, for Precision Cabinets, Inc.
Richard T. Valentino, Michael Resis, SmithAmundsen LLC, Chicago, for Travelers Insurance.

OPINION
Justice McCULLOUGH delivered the judgment of the court, with opinion.
¶ 1 On January 27, 2004, the claimant, Isak Klein, filed an application for adjustment of claim (No. 04WC03879) pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 through 30 (West 2002)), seeking benefits from the employer, Precision Cabinets, Inc. (Precision), for injuries suffered on January 10, 2003. On January 16, 2008, the claimant filed an application for adjustment of claim (No. 08WC02037) pursuant to the Act (820 ILCS 305/1 through 30 (West 2006)), seeking benefits from Precision for injuries suffered on December 13, 2003.
¶ 2 Following a consolidated hearing, an arbitrator found that the claimant proved he sustained injuries arising out of and in the course of his employment with Precision on January 10, 2003. The arbitrator *858 awarded the claimant temporary total disability (TTD) benefits in the amount of $572 per week for a period of 62 4/7 weeks; permanent total disability (PTD) benefits in the amount of $572 per week "for a further period of life"; and medical expenses in the amount of $5,586.34.
¶ 3 The arbitrator found the December 13, 2003, accident "a temporary exacerbation" of the injuries suffered on January 10, 2003, and "not an intervening accident breaking the chain of causal connection." Therefore, the arbitrator did not award the claimant additional benefits.
¶ 4 Further, the arbitrator found a borrowing/lending employer relationship between Precision, the borrowing employer, and Employers Consortium, Inc. (ECI), the lending employer. Precision contracted with ECI for outsourced employee-related services to Precision, including workers' compensation coverage. Based on her examination of Workers' Compensation Commission (Commission) records, the arbitrator determined that on January 10, 2003, Precision had workers' compensation coverage through West Bend Mutual Insurance Company and ECI had no workers' compensation coverage.
¶ 5 On review, the Commission modified the arbitrator's decision specific to workers' compensation coverage. The Commission found that ECI had workers' compensation coverage through Travelers Insurance (Travelers) on January 10, 2003, and further that "all employees of ECI during the effective dates of the policy are covered by that policy, regardless of any provisions, endorsements, or lack thereof, attempting to limit or modify the liability of Travelers." The Commission found ECI and Precision "jointly and severally liable for Petitioner's work related injuries."
¶ 6 Further, the Commission denied Travelers' "Motion For Commission To Take Judicial Notice Of Proceedings Involving ECI And To Spread ECI Bankruptcy And Liquidation Proceedings Of Record," stating that the Commission was not permitted to accept additional evidence on review. In all other respects, the Commission affirmed and adopted the arbitrator's decision.
¶ 7 The circuit court reversed that portion of the Commission's decision concerning workers' compensation coverage, finding that "Precision was not endorsed as an insured on the Travelers policy until August 29, 2003," and therefore "Travelers owes no coverage."
¶ 8 Precision appeals, arguing that the Commission's finding that "all employees of ECI during the effective dates of the [Travelers'] policy are covered by that policy, regardless of any provisions, endorsements, or lack thereof, attempting to limit or modify the liability of Travelers" was not contrary to law. Travelers cross-appeals, arguing that the Commission erred in denying Travelers' "Motion For Commission To Take Judicial Notice Of Proceedings Involving ECI And To Spread ECI Bankruptcy And Liquidation Proceedings Of Record." For the reasons that follow, we reverse the judgment of the circuit court and reinstate the Commission's decision.
¶ 9 The parties do not dispute the fact that the claimant suffered an injury arising out of and in the course of his employment on January 10, 2003, nor do the parties contest the nature and extent of the claimant's injuries or his period of disability. Consequently, we will present only those facts necessary to an analysis of the issues.
¶ 10 The 61-year-old claimant testified that he began work for Precision in 1999, as a cabinet-maker. On January 10, 2003, the claimant sustained back injuries while moving a piece of plywood.
*859 ¶ 11 Precision entered into a contract with ECI to provide outsourced employee-related services to Precision. ECI assumed responsibility for the payment of wages to be paid to leased employees; the payment of payroll taxes on leased employees; and the payment for workers' compensation insurance. Connie SanFillipo, a vice-president of ECI, testified that she presented the opportunity for ECI services to Precision on December 16, 1999, and on December 22, 1999. No individual testified establishing when Precision entered into a contract with ECI to provide employee-related services, including workers' compensation coverage. A letter welcoming Precision to ECI's "Workers Compensation Claims Handling Unit" is dated January 20, 2000. We note that the contract entered into by ECI and Precision has not been made a part of the record before this court.
¶ 12 After Precision entered into this contract, ECI treated the claimant as a leased employee by directly paying the claimant's wages.
¶ 13 Pursuant to the contract, ECI secured a workers' compensation insurance policy from Travelers by application to the Illinois Workers' Compensation Insurance Assigned Risk Plan. ECI was the named insured under the policy. The policy period was from September 29, 2002, to September 29, 2003. The policy included four endorsements providing workers' compensation coverage to leased workers provided by ECI to the endorsed ECI clients. The endorsements did not include Precision. ECI did not secure an endorsement adding Precision to the policy until August 29, 2003.
¶ 14 The policy states that Travelers "will pay promptly when due the benefits required of [ECI] by the workers compensation law," and further states that "[t]erms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law."
¶ 15 Following the arbitration hearing, the arbitrator found a borrowing/lending employer relationship between Precision, the borrowing employer, and ECI, the lending employer. Precision contracted with ECI for outsourced employee-related services to Precision, including workers' compensation coverage. Based on her examination of Commission records, the arbitrator determined that on January 10, 2003, Precision had workers' compensation coverage through West Bend Mutual Insurance Company and ECI had no workers' compensation coverage.
¶ 16 The parties filed petitions for review of the arbitrator's decision before the Commission. The Commission modified the arbitrator's decision specific to workers' compensation coverage. The Commission did not find Commission records reliable. Based on records secured from the National Council on Compensation Insurance, Inc., the Commission found that ECI had workers' compensation coverage through Travelers on January 10, 2003. Citing section 1(a)(4) of the Act (820 ILCS 305/1(a)(4) (West 2002)), the Commission found ECI and Precision "jointly and severally liable for Petitioner's work related injuries."
¶ 17 Further, the Commission found that "all employees of ECI during the effective dates of the [Travelers] policy are covered by that policy, regardless of any provisions, endorsements, or lack thereof, attempting to limit or modify the liability of Travelers." In support of this conclusion, the Commission stated:
"Under Section 4(a)(3) of the [Act], it is clear that once it has been determined that ECI had workers' compensation insurance through a policy provided by Travelers, all employees of ECI during the effective dates of the policy are covered *860 by that policy, regardless of any provisions, endorsements, or lack thereof, attempting to limit or modify the liability of Travelers. It is also clear that the intent of the [Employee Leasing Company Act (215 ILCS 113/1 through 99 (West 2002))] is that leased employees be covered by workers' compensation insurance, consistent with our rejection of Travelers' argument here. While ECI's failure to obtain an endorsement in a timely manner identifying Precision as a lessee may have thwarted the [Employee Leasing Company Act's] intent that premium commensurate with exposure be paid, it does not result in a lack of coverage for any of ECI's employees during the period the policy was in effect."
¶ 18 Finally, the Commission denied Travelers' "Motion For Commission To Take Judicial Notice Of Proceedings Involving ECI And To Spread ECI Bankruptcy And Liquidation Proceedings Of Record," stating that the Commission was not permitted to accept additional evidence on review. In all other respects, the Commission affirmed and adopted the arbitrator's decision.
¶ 19 Thereafter, Travelers filed a petition seeking judicial review in the circuit court of Kane County. The circuit court reversed that portion of the Commission's decision concerning workers' compensation coverage, finding that "Precision was not endorsed as an insured on the Travelers policy until August 29, 2003," and therefore "Travelers owes no coverage."
¶ 20 Precision now appeals the circuit court's decision, and Travelers cross-appeals.
¶ 21 Travelers argues that Precision was not named as an additional insured on ECI's insurance policy until August 29, 2003, and therefore the Travelers policy did not cover the claimant on the date of injury, January 10, 2003.
¶ 22 A reviewing court may overturn a Commission decision only if it finds that the decision was contrary to law or that the fact determinations made in rendering the decision were against the manifest weight of the evidence. Hamilton v. Industrial Comm'n, 203 Ill.2d 250, 254, 271 Ill.Dec. 645, 785 N.E.2d 839, 841 (2003). In this appeal, the parties do not dispute the Commission's fact determinations. The issue before us is one of pure statutory interpretation, and our review proceeds de novo. Sylvester v. Industrial Comm'n, 197 Ill.2d 225, 232, 258 Ill.Dec. 548, 756 N.E.2d 822, 827 (2001).
¶ 23 The fundamental rule of statutory interpretation is to ascertain and effectuate the legislature's intent. Michigan Avenue National Bank v. County of Cook, 191 Ill.2d 493, 503-04, 247 Ill.Dec. 473, 732 N.E.2d 528, 535 (2000). Because statutory language, given its plain and ordinary meaning, is the best indication of this intent, we turn to the Act. Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill.2d 325, 342, 264 Ill.Dec. 283, 770 N.E.2d 177, 189 (2002).
¶ 24 Section 4(a)(3) of the Act requires that an employer:
"Insure his entire liability to pay such compensation in some insurance carrier authorized, licensed, or permitted to do such insurance business in this State. Every policy of an insurance carrier, insuring the payment of compensation under this Act shall cover all the employees and the entire compensation liability of the insured: Provided, however, that any employer may insure his or her compensation liability with 2 or more insurance carriers or may insure a part and qualify under subsection 1, 2, or 4 for the remainder of his or her liability *861 to pay such compensation, subject to the following two provisions:
Firstly, the entire compensation liability of the employer to employees working at or from one location shall be insured in one such insurance carrier or shall be self-insured, and
Secondly, the employer shall submit evidence satisfactorily to the Commission that his or her entire liability for the compensation provided for in this Act will be secured. Any provisions in any policy, or in any endorsement attached thereto, attempting to limit or modify in any way, the liability of the insurance carriers issuing the same except as otherwise provided herein shall be wholly void." 820 ILCS 305/4(a)(3) (West 2002).
¶ 25 In this workers' compensation case, pursuant to the contract entered into between ECI and Precision, ECI purchased from Travelers a workers' compensation insurance policy. The policy period was from September 29, 2002, to September 29, 2003. Section 4(a)(3) of the Act required that the policy "cover all the employees and the entire compensation liability" of ECI.
¶ 26 Travelers argues that ECI's failure to secure the endorsement adding Precision to the Travelers policy until August 29, 2003, barred Precision from coverage under the Travelers policy on January 10, 2003. Travelers admits that the policy period was from September 29, 2002, to September 29, 2003. In support of its argument, Travelers relies on section 30 of the Employee Leasing Company Act (215 ILCS 113/30 (West 2002)). Section 30 is titled "Responsibility for policy issuance and continuance" and states that "[w]hen a workers' compensation policy written to cover leased employees is issued to the lessor as the named insured, the lessee shall be identified thereon by the attachment of an appropriate endorsement indicating that the policy provides coverage for leased employees." 215 ILCS 113/30 (West 2002). Contrary to Travelers' statement that the Employee Leasing Company Act applies to "all lessors and lessees conducting business * * * after the effective date of the [Employee Leasing Company Act], January 1, 1998," the Employee Leasing Company Act states at section 10 that the Employee Leasing Company Act "applies to all lessors and insurers conducting business in this State." (Emphases added.) 215 ILCS 113/10 (West 2002).
¶ 27 In ascertaining legislative intent, a court must consider the entire statute, giving effect to the evil to be remedied and the purpose to be achieved. City of Springfield v. Board of Election Commissioners, 105 Ill.2d 336, 341, 85 Ill. Dec. 508, 473 N.E.2d 1313, 1315 (1985). We presume that the General Assembly did not intend absurdity, inconvenience, or injustice. Sylvester, 197 Ill.2d at 232, 258 Ill.Dec. 548, 756 N.E.2d at 827. The Act is to be interpreted liberally to effectuate its purpose of providing financial protection for interruption or termination of a worker's earning power. Sylvester, 197 Ill.2d at 232, 258 Ill.Dec. 548, 756 N.E.2d at 827.
¶ 28 Following these principles, we find that Travelers' argument is refuted by the plain language of section 4(a)(3) of the Act. 820 ILCS 305/4(a)(3) (West 2002). Section 4(a)(3) requires that "[e]very policy of an insurance carrier, insuring the payment of compensation under this Act shall cover all the employees and the entire compensation liability of the insured." 820 ILCS 305/4(a)(3) (West 2002). Further, "[a]ny provisions in any policy, or in any endorsement attached thereto, attempting to limit or modify in any way, the liability of the insurance carriers issuing the same except as otherwise provided herein shall be wholly *862 void." 820 ILCS 305/4(a)(3) (West 2002).
¶ 29 Our result is supported by the stated purpose of the Employee Leasing Company Act, to ensure that "an employer that leases some or all of its workers properly obtains workers' compensation insurance coverage for all of its employees, including those leased from another entity, and that premium is paid commensurate with exposure and anticipated claim experience." 215 ILCS 113/5 (West 2002).
¶ 30 The claimant filed his applications for adjustment of claims pursuant to the Act, and the provisions of the Act apply automatically. In further support, the policy states that Travelers "will pay promptly when due the benefits required of [ECI] by the workers compensation law," and that "[t]erms of this insurance that conflict with the workers compensation law are changed by this statement to conform to that law."
¶ 31 In this workers' compensation case, by choosing to purchase workers' compensation coverage, ECI purchased it for all of its employees including the claimant. ECI's failure to secure an endorsement adding Precision to the Travelers policy until August 29, 2003, was ineffective to withdraw the claimant from the operation of the Act. The claimant was still under the protection of the Act at the time of his injury.
¶ 32 Travelers next argues that the Commission and the circuit court erred in denying Travelers' "Motion For Commission To Take Judicial Notice Of Proceedings Involving ECI And To Spread ECI Bankruptcy And Liquidation Proceedings Of Record."
¶ 33 In a workers' compensation proceeding, the Commission, an administrative agency, is the ultimate decisionmaker. Roberson v. Industrial Comm'n, 225 Ill.2d 159, 173, 310 Ill.Dec. 380, 866 N.E.2d 191, 199 (2007). Accordingly, this court reviews the decision of the Commission, not the decision of the circuit court. Dodaro v. Illinois Workers' Compensation Comm'n, 403 Ill.App.3d 538, 543-44, 351 Ill.Dec. 100, 950 N.E.2d 256, 260-61 (2010).
¶ 34 Following argument before the Commission on April 1, 2009, Travelers filed its motion on April 7, 2009. The commissioner described the motion as a "two or three inch bound document with it's [sic] attachments." The motion and attachments begin at page 1,590 of the record, and conclude at page 2,023 of the record. The Commission denied the motion on May 21, 2010, stating that the Commission was not permitted to accept additional evidence on review. See 820 ILCS 305/19(e) (West 2002).
¶ 35 The Act specifically provides: "In all cases in which the hearing before the arbitrator is held after December 18, 1989, no additional evidence shall be introduced by the parties before the Commission on review of the decision of the Arbitrator." 820 ILCS 305/19(e) (West 2002). The Commission did not err in declining to take judicial notice of extraneous matters.
¶ 36 Finally, Travelers asks this court to take judicial notice of "the consent order between ECI and the DOI, entered on March 18, 2005." Section 3-110 of the Administrative Review Law (735 ILCS 5/3-110 (West 2002)) provides, in part, that "[n]o new or additional evidence in support of or in opposition to any finding, order, determination[,] or decision of the administrative agency shall be heard by the [reviewing] court." However, notwithstanding section 3-110, documents containing readily verifiable facts may be judicially noticed if taking judicial notice will "aid in the efficient disposition of a case." Muller *863 v. Zollar, 267 Ill.App.3d 339, 341, 204 Ill. Dec. 959, 642 N.E.2d 860, 862 (1994).
¶ 37 The document at issue is titled a stipulation and consent order, entered by the Department of Financial and Professional Regulation, Division of Insurance, on March 18, 2005. We note that the order was entered approximately three years before the arbitration hearing in this workers' compensation case. Further, we do not find the order relevant to the claimant's workers' compensation proceeding and decline to take judicial notice of the document.
¶ 38 In this workers' compensation case, the claimant filed an application for adjustment of claim pursuant to the Act, seeking benefits from Precision for injuries the claimant suffered on January 10, 2003. The Commission found that the claimant proved he sustained injuries arising out of and in the course of his employment with Precision on January 10, 2003. The Commission awarded the claimant TTD benefits in the amount of $572 per week for a period of 62 4/7 weeks; PTD benefits in the amount of $572 per week "for a further period of life"; and medical expenses in the amount of $5,586.34. The parties do not dispute that the claimant qualifies for compensation benefits under the provisions of the Act and, further, do not dispute the Commission's finding that ECI and Precision are "jointly and severally liable for Petitioner's work related injuries." The law is settled under the Act that the employer and the insurance carrier are directly liable for the payment of workers' compensation to employees. See 820 ILCS 305/4(g) (West 2002) ("In the event the employer does not pay the compensation for which he or she is liable, then an insurance company, association or insurer which may have insured such employer against such liability shall become primarily liable to pay to the employee * * * the compensation required by the provisions of this Act to be paid by such employer.").
¶ 39 Circuit court judgment reversed; Commission decision reinstated.
Justices HOFFMAN, HUDSON, HOLDRIDGE, and STEWART concurred in the judgement and opinion.