# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *Bank of America, N.A. v. Kulesza*, 2014 IL App (1st ) 132075

</div>

| | |
|---|---|
| Appellate Court Caption | BANK OF AMERICA, N.A., Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loan Servicing, LP, Plaintiff-Appellee, v. MARTA KULESZA and TOMASZ SKUTNIK, Defendants-Appellants (National City Bank, Unknown Owners and Nonrecord Claimants, Defendants). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-2075 |
| Filed | June 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a mortgage foreclosure proceeding, the trial court properly dismissed defendants' motion under section 2-1401 of the Code of Civil Procedure to vacate all orders in the action and to dismiss the case on the ground that the original named plaintiff was an unregistered debt collector and could not act as plaintiff in the action, since judicial notice of written decisions submitted by plaintiff supported the conclusion that the original plaintiff was a subsidiary of the substituted plaintiff and was exempt from the Illinois Collection Agency Act. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-39432; the Hon. Allen Price Walker, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stephen D. Richek, of Chicago, for appellants.

Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Chicago, for appellee.

Panel

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff, Bank of America, N.A., filed a mortgage foreclosure complaint in October 2009, against defendants Marta Kulesza and Tomasz Skutnik. In August 2010, a default judgment and judgment for foreclosure and sale were entered in plaintiff's favor. A judicial sale occurred in November 2011, and the trial court granted plaintiff's motion to confirm the sale in April 2012. In October 2012, defendants filed a motion to vacate pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). Plaintiff filed a motion to dismiss defendant's motion, which the trial court granted in June 2013.

¶ 2    Defendants appeal, arguing that the trial court erred in granting the motion to dismiss because original plaintiff BAC Home Loans Servicing, LP (BAC), is not a subsidiary of substituted plaintiff Bank of America, N.A. (BoA), and, therefore, BAC is not exempt from the Illinois Collection Agency Act (Collection Act) (225 ILCS 425/1 *et seq.* (West 2012)) and any judgment entered is void.

¶ 3    In October 2009, plaintiff filed a complaint to foreclose the mortgage against defendants. The complaint alleged that on February 15, 2006, defendants, as mortgagors, executed a mortgage in the amount of $1,130,500, for the property located at 2200 Harrison Street in Glenview, Illinois. The complaint stated that defendants had not paid the monthly payments since February 2009. Defendants were personally served in October 2009.

¶ 4    In January 2010, plaintiff filed a motion for entry of an order of default and judgment of foreclosure and sale. Plaintiff refiled this motion in March 2010, June 2010, and August 2010. On August 18, 2010, the trial court found defendants to be in default and entered a judgment of foreclosure and sale. Plaintiff filed a notice of sale for November 22, 2010. On November 17, 2010, Kulesza filed a *pro se* motion to stop the sheriff's sale. The trial court denied Kulesza's motion without prejudice on November 19, 2010.

¶ 5    Plaintiff reset the judicial sale for November 28, 2011. In December 2011, plaintiff filed a motion for an order approving the report of sale and distribution. Plaintiff also filed a motion to substitute BoA as named plaintiff because BAC had merged into BoA.

¶ 6  On January 24, 2012, an attorney filed an appearance for defendants. The trial court set a briefing schedule for plaintiff's motion to approve the sale, but defendants failed to file a brief. On April 11, 2012, the trial court entered an order approving the report of sale and distribution, confirming the sale and order of possession. The trial court also granted plaintiff's motion to substitute BoA as party plaintiff.

¶ 7  On October 15, 2012, defendants filed a motion to vacate pursuant to section 2-1401 of the Code of Civil Procedure. Defendants argued in their motion as follows:

"1. This lawsuit was filed by BAC Home Loan Service, LP as Plaintiff.

2. At the time this lawsuit was filed, plaintiff was not a registered debt collector as shown in the attached IDFPR [Illinois Department of Financial and Professional Regulation] Inquiry. See affidavit of Stephen D. Richek attached.

3. Servicing Mortgages is clearly an activity in the purview of a debt collector and the main business of a Mortgage Service is a debt collection activity, see 205 ILCS 635/1-4.

4. An unregistered debt collector cannot act as a Plaintiff in a lawsuit *LVNV v. Trice* and all orders entered are void.

WHEREFORE, Defendant's pray that all orders in the case be vacated and the case be dismissed."

¶ 8  The affidavit attached from their attorney stated that he received a response from the Secretary of State that BAC "was never registered in Illinois as a debt collector." The certification from the Secretary of State, dated December 5, 2011, stated that BAC "does not now hold nor has ever held a license" under the Collection Act.

¶ 9  In February 2013, plaintiff filed a motion to dismiss defendants' section 2-1401 petition. In its motion, plaintiff argued that defendants' section 2-1401 petition should be dismissed pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2012)) because defendants failed to allege sufficient facts to support their assertion that plaintiff's complaint was void since BAC is not a registered debt collector under the Collection Act. In response, defendants stated that plaintiff's motion to dismiss must fail because (1) plaintiff cannot refute that BAC is an unlicensed debt collector based on its unsupported statement that BAC is a subsidiary of BoA, and (2) "defendants are confused as to how a Limited Partnership (LP) can be subsidiary. A Limited Partnership requires more than one (1) partner so it is not a subsidiary."

¶ 10  Plaintiff's reply asserted that defendants' response was "ultimately bereft of any argument that their Petition is viable and of merit." Plaintiff contends that defendants' petition has failed to allege sufficient facts to support their allegations. Plaintiff also attached documents setting forth that BAC was a subsidiary of BoA at the time the complaint was filed. One document was a portion of a list of BoA's direct and indirect subsidiaries as of December 31, 2009, which included BAC in the list. The second document was a corporate disclosure statement filed in district court case in the Southern District of Indiana stating, "0.1% of BAC Home Loans Servicing, LP is owned by BAC GP, LLC, and 99.9% of BAC Home Loans Servicing, LP is owned by BANA LP, LLC. Both BAC GP, LLC and BANA LP, LLC are wholly-owned subsidiaries of Bank of America, N.A." In June 2013, the trial court granted plaintiff's motion to dismiss with prejudice.

¶ 11  This appeal followed.

¶ 12    On appeal, defendants argue that plaintiff is not exempt from the Collection Act because BAC is not a subsidiary of BoA. Plaintiff maintains that defendants' claim is meritless because BAC was exempt from the Collection Act.

¶ 13    Generally, a section 2-1401 petition must show the existence of a meritorious defense to the original action and must show due diligence in bringing the petition. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002); see also 735 ILCS 5/2-1401(b), (c) (West 2012). However, the supreme court in *Sarkissian* held that pursuant to paragraph (f) of section 2-1401, the general rules for filing a section 2-1401 petition do not apply to petitions challenging a judgment on voidness grounds. *Sarkissian*, 201 Ill. 2d at 104. "Petitions brought on voidness grounds need not be brought within the two-year time limitation. Further, the allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian*, 201 Ill. 2d at 104.

¶ 14    " '[A] judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally.' " *Sarkissian*, 201 Ill. 2d at 103 (quoting *Barnard v. Michael*, 392 Ill. 130, 135 (1945)). Here, defendants' postjudgment motion argues that BAC was not a licensed debt collector under the Collection Act and, thus, all orders entered by the court are void. "Review of a judgment on a section 2-1401 petition that is requesting relief based on the allegation that the judgment is void shall be *de novo*." *Protein Partners, LLP v. Lincoln Provision, Inc.*, 407 Ill. App. 3d 709, 716 (2010) (citing *People v. Vincent*, 226 Ill. 2d 1, 18 (2007)).

¶ 15    The purpose of the Collection Act is to

> " 'protect consumers against debt collection abuse.' 225 ILCS 425/1a (West 2010). It provides that '[n]o collection agency shall operate in this State, *** engage in the business of collecting, solicit claims for others, *** exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act.' 225 ILCS 425/4 (West 2010). The [Collection] Act defines a 'collection agency' or a 'debt collector' as 'any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.' 225 ILCS 425/2 (West 2010). 'Debt collection' is defined as 'any act or practice in connection with the collection of consumer debts' and ' "[c]onsumer debt" *** means money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.' *Id.* Finally, a 'consumer credit transaction' is a 'transaction between a natural person and another person in which property, service, or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes.' *Id.*" *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 28.

¶ 16    However, section 2.03(1) of the Collection Act provides for certain exemptions:

> "This Act does not apply to persons whose collection activities are confined to and are directly related to the operation of a business other than that of a collection agency, and specifically does not include the following:
>
> 1. Banks, including trust departments, affiliates, and subsidiaries thereof, fiduciaries, and financing and lending institutions (except those who own or operate collection agencies)[.]" 225 ILCS 425/2.03(1) (West 2012).

¶ 17    This court has already held in *Kmiecik* that bank subsidiaries are exempt from the Collection Act. *Kmiecik*, 2013 IL App (1st) 121700, ¶ 38.

¶ 18    Defendants assert without citation to any case law that BAC could not be a subsidiary of BoA because under the Collection Act, "only subsidiaries are exempt, not a limited partnership that is owned by Banks' subsidiaries." Supreme Court Rule 341(h)(7) requires an appellant to include in its brief an "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). It is well settled that a contention that is supported by some argument but does not cite any authority does not satisfy the requirements of Supreme Court Rule 341(h)(7), and bare contentions that fail to cite any authority do not merit consideration on appeal. *Wasleff v. Dever*, 194 Ill. App. 3d 147, 155-56 (1990).

¶ 19    Contrary to defendants' contention, the Collection Act does not limit exemptions to first-tier subsidiaries. According to the exhibits provided in the trial court, BAC was owned by entities that were subsidiaries of BoA. The cardinal rule in construing a statute, to which all others are subordinate, is to ascertain and give effect to the intent of the legislature. *Alvarez v. Pappas*, 229 Ill. 2d 217, 228 (2008). To determine legislative intent, we turn to the language of the statute, which is the best indicator of its intent. *Alvarez*, 229 Ill. 2d at 228. "[A]ll words and phrases must be interpreted in light of other relevant provisions of the statute and must not be construed in isolation." *Brucker v. Mercola*, 227 Ill. 2d 502, 514 (2007). "Each word, clause and sentence of the statute, if possible, must be given reasonable meaning and not rendered superfluous." *Brucker*, 227 Ill. 2d at 514. Further, we may not add provisions that are not found in a statute. *Acme Markets, Inc. v. Callanan*, 236 Ill. 2d 29, 38 (2009).

¶ 20    Nothing in section 2.03(1) limits exemptions to first-tier subsidiaries, and we will not read into its language any additional language imposing such a limitation. Moreover, we note that the legislature included a limitation to "any first tier subsidiary of a bank" for an exemption in the Residential Mortgage License Act of 1987 (205 ILCS 635/1-4(d)(1)(ix) (West 2012)). "It is a generally accepted canon of construction that the express inclusion of a provision in one part of a statute and its omission in a parallel section is an intentional exclusion from the latter." *People v. Olsson*, 2011 IL App (2d) 091351, ¶ 9. The absence of that language in the exemption provision of section 2.03(1) cannot be ignored as defendants assert.

¶ 21    Under well-established precedent and specifically under the holding of *Kmiecik*, we can take judicial notice that other judicial decisions have recognized that BAC is a subsidiary of BoA. "An appellate court may take judicial notice of readily verifiable facts if doing so 'will "aid in the efficient disposition of a case," ' even if judicial notice was not sought in the trial court." *Kmiecik*, 2013 IL App (1st) 121700, ¶ 37 (quoting *Department of Human Services v. Porter*, 396 Ill. App. 3d 701, 725 (2009), quoting *Muller v. Zollar*, 267 Ill. App. 3d 339, 341-42 (1994)). "Specifically, a reviewing court may take judicial notice of a written decision that is part of the record of another court because these decisions are readily verifiable facts that are capable of ' "instant and unquestionable demonstration." ' " *Id.* (quoting *Hermesdorf v. Wu*, 372 Ill. App. 3d 842, 850 (2007), quoting *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976), quoting 9 John Henry Wigmore, Evidence § 2571, at 548 (3d ed. 1940)).

¶ 22    Here, plaintiff submitted documentation from a federal case detailing BAC's ownership by two subsidiaries of BoA and BoA's list of its subsidiaries, which includes BAC. We also observe that numerous cases from other jurisdictions have recognized that BAC was a

subsidiary of BoA. See *Ridenour v. Bank of America, N.A.*, No. 13-cv-0317-BLW, 2014 WL 2452990, at *1 (D. Idaho May 22, 2014) ("BAC Home Loans Servicing, LP (a Bank of America subsidiary created to service acquired loans)"); *Pniewski v. U.S. Bank National Ass'n*, No. 13 C 3638, 2014 WL 1052813, at *1 (N.D. Ill. Mar. 19, 2014) ("BAC Home Loans Servicing, LP (BAC), a subsidiary of Bank of America, N.A."); *Bank of America, N.A. v. Stewart*, 2014-Ohio-723, at ¶ 4 ("BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A."); *Walker v. Bank of America, N.A.*, No. 11-783 ADM/JSM, 2013 WL 5771154, at *1 n.1 (D. Minn. Oct. 24, 2013) ("At the time, BAC was a wholly-owned subsidiary of Bank of America; it merged into the Bank of America in July 2011."); *Kolbe v. BAC Home Loans Servicing, LP*, 738 F.3d 432, 438 n.3 (1st Cir. 2013) ("BAC Home Loans Servicing was a wholly owned subsidiary of Bank of America, N.A., which itself is a wholly owned subsidiary of Bank of America Corporation, the publicly traded company. BAC Home Loans Servicing has merged into Bank of America, N.A."); *In re Atkins*, 497 B.R. 568, 569 (Bankr. D. Minn. 2013) ("Both loans are serviced by BAC Home Loan Servicing, LP., a subsidiary of Bank of America, N.A.").

¶ 23    We take judicial notice of these written decisions and find that BAC was a subsidiary of a BoA and was exempt from the Collection Act. As we held in *Kmiecik*, we need not reach the question of whether a mortgage foreclosure action qualifies as debt collection under the Collection Act. Therefore, we find the trial court properly granted plaintiff's motion to dismiss defendants' section 2-1401 petition and we need not consider defendants' additional arguments that the foreclosure judgment was void under the Collection Act.

¶ 24    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 25    Affirmed.