2020 IL App (1st) 180378-U

Nos. 1-18-0378 & 1-18-0396 (Consol.)

Order filed May 29, 2020

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| CHARLES DONELSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 17 L 9528 |
| WENDI W. LISS, CHARISE VALENTE, EDDIE T. | ) | |
| JOHNSON, RAHM EMANUEL, and CHICAGO | ) | |
| POLICE DEPARTMENT, | ) | Honorable |
| | ) | Moira S. Johnson, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed for lack of jurisdiction where plaintiff appealed the order dismissing his complaint for want of prosecution before period to refile expired.

¶ 2    Plaintiff Charles Donelson appeals *pro se* from the trial court's order dismissing his complaint against defendants Wendi Liss, Charise Valente, Eddie Johnson, Rahm Emanuel, and

the Chicago Police Department, for want of prosecution.[1] On appeal, plaintiff argues the trial court abused its discretion and committed clear error where it dismissed the case for want of prosecution after plaintiff filed a motion for summons to issue, and the court granted his petition for a writ of *habeas corpus ad testificandum* but did not order the summons to issue. For the following reasons, we dismiss for lack of jurisdiction.

¶ 3     The record shows that on September 20, 2017, plaintiff filed a *pro se* complaint against defendants, alleging they violated the Freedom of Information Act (FOIA) and seeking damages, fees, and costs.

¶ 4     In his complaint, plaintiff alleged that in October 2016, he sent a request to the Chicago Police Department (CPD) headquarters seeking certain records. According to plaintiff, defendants did not respond within the five days required by the FOIA statute but did eventually send plaintiff a response asking him to narrow his request. Plaintiff responded "several times" with narrowed requests, but defendants "willfully sen[t] the exact records unresponsive to plaintiff [*sic*] request." Plaintiff then "moved to" the Public Access Counselor of the Illinois Office of the Attorney General for review, who received a response from the CPD but never responded to plaintiff's request for review.[2] Plaintiff claimed CPD violated the FOIA statute, and requested relief in the amount of "$3,000, and $5,000 respective [*sic*] for willful conduct and intension [*sic*] misrepresentation and also * * * costs of $150,957.00 for pain and suffering."

---

[1] According to information in the record, plaintiff is currently an inmate in custody at Pontiac Correctional Center.

[2] According to the City of Chicago's response to the Public Access Counselor, CPD responded to plaintiff's October 4, 2016, request on October 12, 2016, which was the fifth day for the statutorily mandated five-day response time (5 ILCS 140/3(d) (West 2016)), given that October 10, 2016, was the Columbus Day holiday.

¶ 5    On October 18, 2017, plaintiff filed a motion for "summons to issue to obtain jurisdiction over defendants." On October 19, 2017, the trial court granted plaintiff's motion and ordered the status hearing be reset from November 22, 2017, to December 19, 2017.

¶ 6    On November 2, 2017, plaintiff filed a petition for writ of *habeas corpus ad testificandum*, requesting that the court order the Illinois Department of Corrections to bring him before the court so he could testify on November 22, 2017. The court granted the petition in a written order, directing the Illinois Department of Corrections to produce plaintiff before "the Honorable Harmening" on December 19, 2017. On that date, the court dismissed plaintiff's complaint for want of prosecution.[3]

¶ 7    Plaintiff sought leave to file a late notice of appeal, No. 1-18-0378, which this court allowed on March 15, 2018. Plaintiff had also previously filed a notice of appeal in January 2018, appeal No. 1-18-0396, from the same December 19, 2017, dismissal order. Plaintiff filed a motion to consolidate the appeals or dismiss one of them, because the two appellate case numbers were assigned to one case. On May 16, 2018, this court consolidated the two appeals.

¶ 8    On appeal, plaintiff contests the trial court's December 19, 2017, dismissal of his complaint for want of prosecution. Plaintiff argues the trial court's dismissal was "clear error, an abuse of discretion or premature" because the trial court "issued no order" for summons to issue after granting his petition for *habeas corpus ad testificandum*.

---

[3] The basis for the court's ruling is not stated in the written order and there is no report of proceedings in the record on appeal.

¶ 9 Defendants have not filed responsive appellees' briefs. This court, however, has elected to consider this appeal on plaintiff's brief alone under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 10 As a preliminary matter, we note plaintiff's brief fails to comply with many of the requirements of Illinois Supreme Court Rule 341(h) (eff. May 25, 2018), which governs the content of appellate briefs. For example, his brief contains no "Points and Authorities" statement outlining the points argued and authorities cited in the argument (see Rule 341(h)(1)), no statement of jurisdiction (see Rule 341(h)(4)), and no argument supported by citations to the record or legal authority (see Rule 341(h)(7)). We may strike a brief and dismiss the appeal for failure to comply with the rules. *Marzano v. Dept. of Emp't. Sec.*, 339 Ill. App. 3d 858, 861 (2003).

¶ 11 Further, before reaching the merits of plaintiff's argument, we have an independent duty to determine our jurisdiction, which is limited to final judgments. *LM Insurance Corp. v. B&R Insurance Partners, LLC*, 2016 IL App (1st) 151011, ¶ 14. Here, plaintiff appeals from the dismissal of his complaint for want of prosecution. Generally, the dismissal of a complaint for want of prosecution is not a final judgment, because a plaintiff may commence a new action within one year after dismissal or within the remaining period of limitation, whichever is greater. 735 ILCS 5/13-217 (West 1994).[4] " '[U]ntil the time of the expiration of the period for refiling, [a dismissal for want of prosecution] remains a nonappealable interlocutory order.' " *Gassman v. Clerk of the Circuit Court of Cook County*, 2019 IL App (1st) 171543, ¶ 20 (quoting *S.C. Vaughn Oil Co. v. Caldwell, Troutt& Alexander*, 181 Ill. 2d 489, 506-507 (1998) ("[T]he date upon which

---

[4] The Illinois Supreme Court found Public Act 89-7 (Pub. Act 89–7, eff. March 9, 1995), which amended this section, unconstitutional in its entirety in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, the version of section 13-217 which is currently in effect is the version that preceded the amendments to Public Act 89-7. See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n. 1 (2008).

an order for dismissal of prosecution becomes final is the date upon which plaintiffs' right to refile the cause of action under section 13-217 expires.")).

¶ 12    Here, plaintiff filed his notice of appeal and late notice of appeal in January and March 2018, respectively, well within the statutory one-year period available to him for refiling his complaint in the trial court after the December 19, 2017, dismissal for want of prosecution. As such, the dismissal for want of prosecution of plaintiff's complaint is not a final and appealable order. *S.C. Vaughn*, 181 Ill. 2d at 501-502; *Wold v. Bull Valley Management Co., Inc.*, 96 Ill. 2d 110, 114 (1983). Therefore, this court does not have jurisdiction over this matter, and must dismiss the appeal. *Wold*, 96 Ill. 2d at 114.

¶ 13    Accordingly, for the reasons cited above, we dismiss this appeal for lack of appellate jurisdiction.

¶ 14    Dismissed.